IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | : | |
|---|---|---|
| JORGE FIGUEROA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil No. 22-1332 (RBK/AMD) |
| v. | : | |
| | : | **OPINION** |
| CALIBER COLLISION, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**KUGLER**, United States District Judge:

This matter comes before the Court upon Defendant Caliber Collision's Motion to Dismiss Count II of Plaintiff Figueroa's Complaint ("Motion") pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 7). For the reasons set forth below, Caliber's Motion is **GRANTED**.

**I.     BACKGROUND**

  **A.     Factual Background**

Caliber allegedly employed Figueroa in some capacity for approximately thirteen years, during which time Figueroa claims he performed his job well. (ECF No. 1, Exhibit A, "Complaint," at ¶ 7–8). During the last three to four months Figueroa worked at Caliber, Defendant Matt Ash became Figueroa's new manager. (*Id.* at ¶ 9). Figueroa claims he and Ash had "problems," including favoring a non-Latino employee over Figueroa despite Figueroa's experience and positive performance, taking Figueroa off the schedule, and limiting Figueroa's hours. (*Id.* at ¶ 10–14). Figueroa alleges he complained to Ash about this and told Ash that "he felt he was being disfavored because of his race. (*Id.* at ¶ 15, 19, 21).

1

Additionally, sometime toward the end of his employment, Figueroa claims he saw "illegal and fraudulent" activity taking place at work, including employees billing customers for unnecessary work. (*Id.* at ¶ 35–36). Figueroa alleges he spoke to coworkers about this, and they purportedly told him Ash intentionally added unnecessary services to drive up costs. (*Id.* at ¶ 37–38). According to Figueroa, he complained about this multiple times, though when and to whom he does not say. (*Id.* at ¶ 40).

Some time after all these events, Ash fired Figueroa. *Id.* at ¶ 23, 42.

B.    **Procedural History**

On February 7, 2022 Figueroa filed his Complaint in the Superior Court of New Jersey, Law Division, Camden County against Caliber, Ash, and several unnamed John Does and ABC corporations alleging that (1) Caliber and Ash fired him because of his race in violation of the New Jersey Law Against Discrimination ("NJLAD") ("Count I"); (2) Caliber and Ash violated the Conscientious Employee Protection Act ("CEPA") when they fired Figueroa after he allegedly reported illegal activities ("Count II"); and (3) the fictitious unnamed defendants are culpable for his firing, too ("Count III"). (ECF No. 1, Exhibit A). Caliber removed the case to this Court on March 11, 2022, (ECF No. 1), then moved to dismiss Count II of the Complaint on April 1, 2022 for failure to state a claim upon which this Court can grant relief pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 7).

What happened next remains a mystery. On April 26, 2022, Figueroa filed a letter for an automatic extension to respond to the Motion under Local Rule 7.1(d)(5). (ECF No. 8). That same day, the parties engaged in a back-and-forth letter campaign arguing whether the Court should grant Figueroa's extension to file its opposition. (*See* ECF Nos. 8–11). Caliber eventually consented to the extension request, and this Court granted an extension for Figueroa to file his

opposition to May 2, 2022. (ECF No. 12). Instead, on May 2, Figueroa filed a letter with this Court notifying it that, rather than file an opposition brief in response to the Motion, he would file a motion to amend his complaint. (ECF No. 13). Figueroa told the Court to expect that motion "in the coming days." (ECF No. 13).

This Court has not heard from Figueroa since.

## II.   LEGAL STANDARD

Although Caliber Collision's Motion to Dismiss remains unopposed, this Court still must find an independent legal basis on which to grant it. *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991); *Wiggins v. MacManiman*, 698 Fed. App'x 42, 43 (3d Cir. 2017).

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss an action for failure to state a claim upon which relief can be granted. When evaluating a motion to dismiss, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). A complaint survives a motion to dismiss if it contains enough factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To make this determination, courts conduct a three-part analysis. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). First, the Court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the Court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* (quoting *Iqbal*, 556 U.S. at 680). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not

suffice." *Id.* (quoting *Iqbal*, 556 U.S. at 678). Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Id.* (quoting *Iqbal*, 556 U.S. at 679).

### III. DISCUSSION

To establish a prima facie case under CEPA, Figueroa must establish that (1) he reasonably believed that Caliber's conduct violated a law or rule or regulation promulgated pursuant to law, (2) he objected to the conduct, (3) Caliber took an adverse employment action against him, and (4) a causal connection exists between the whistleblowing activity and the adverse employment action. *Robles v. U.S. Env't Universal Servs., Inc.*, 469 Fed. App'x 104, 107 (3d Cir. 2012). Caliber argues that this Court should dismiss Figueroa's CEPA claim (Count II) for two reasons: first, because Figueroa has not pleaded that he reported any objections to a supervisor as CEPA requires, N.J. STAT. ANN. § 34:19-3(a) (West 2016); and second, because Figueroa has not pleaded any causal link between his allegedly protected conduct and Caliber firing him. (ECF No. 7-1 at 6–7). Figueroa has filed nothing arguing against this position. For the following reasons, the Court agrees with Caliber.

#### A. Objection to the Alleged Conduct

Figueroa does not adequately plead that he objected to the alleged conduct such that CEPA protects him. To secure CEPA protection, Figueroa must have "disclose[d], or threaten[ed] to disclose *to a supervisor or to a public body* an activity, policy or practice of the employer . . . that the employee reasonably believes" violates the law. N.J. STAT. ANN. § 34:19-3(a) (emphasis added). CEPA requires "a sufficient expression" of disagreement with the alleged activity. *Tartaglia v. UBS PaineWebber Inc.*, 961 A.2d 1167, 1183 (N.J. 2008) (analyzing a

4

common law retaliation claim, which is "harmonious" with a CEPA claim). Under this standard, "a passing remark to co-workers" will not suffice to support a CEPA claim. *Id.*

Figueroa's Complaint specifically alleges that he complained to Ash about his limited schedule and that he felt Ash disfavored him because of his race. (Complaint, ECF No. 1, Exhibit A, at ¶¶ 10–15, 19, 21). Notably, in contrast, nowhere in his Complaint does Figueroa specifically allege that he complained about Ash's alleged practice of charging customers for unnecessary services to Ash or anyone in Caliber management. (*See id. generally*). Figueroa pleads, "Plaintiff raised this issue with coworkers," and "Plaintiff complained about this on multiple occasions." (*Id.* at ¶¶ 37, 40). He may have complained to Ash, but for all his allegations tell us, he may have complained just to his coworkers, to his family, to a stranger in the park, or out loud to no one in particular. We cannot know.

As such, Figueroa has not adequately pled that he objected to the alleged illegal conduct by reporting it to a supervisor, CEPA does not entitle him to protection, and Caliber's motion to dismiss Figueroa's CEPA claim is granted on that basis.

**B.   Causal Link**

Even assuming Figueroa properly complained about the alleged illegal activity to warrant CEPA protection, this Court must dismiss his CEPA claim because he fails to adequately plead causation. To show a causal link, Figueroa cannot simply speculate about its existence. *See Mehalis v. Frito-Lay, Inc.*, No. 08-1371, 2012 WL 2951758, *5 (D.N.J. July 2, 2012). He must "demonstrate a factual nexus between the protected activity and the retaliatory employment action." *Id.*

Figueroa relies solely on conclusory statements and a weak allegation of temporal proximity to demonstrate causation. (Complaint, ECF No. 1, Exhibit A, at ¶¶ 42, 43). He alleges,

"Shortly after Plaintiff began complaining of and whistleblowing the issue on this wrongful conduct, Plaintiff was terminated." (*Id.* at ¶ 42). He does not allege when he complained—to his coworkers or anyone else. He does not allege when Caliber fired him. He does not allege that he complained to Ash. He does not allege that he complained to anyone in Caliber management. He does not allege that the coworkers he purportedly spoke to about this issue told Ash or anyone in management he had done so. Figueroa widely misses the mark and has not shown any causal link between his claimed reporting and Caliber firing him.

Thus, Figueroa has not adequately pled a causal link, and Caliber's motion to dismiss Figueroa's CEPA claim is granted.

### IV.   CONCLUSION

For the reasons set forth above, Caliber's Motion is **GRANTED without prejudice**. Figueroa may move for leave to file an amended complaint within **fourteen (14) days** of this Opinion's entry. An appropriate Order follows.


Dated: October 17, 2022                                          /s/ Robert B. Kugler
                                                                 ROBERT B. KUGLER
                                                                 United States District Judge

6